IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALMA JEAN BAXTER, | |
| Plaintiff, | |
| | CIVIL ACTION NO. |
| v. | 1:11-cv-01880-CC-RGV |
| JOHNSON & FREEDMAN, LLC, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Alma Jean Baxter ("plaintiff"), proceeding *pro se*, brings this action against defendants Johnson & Freedman, LLC ("Johnson & Freedman") and Prommis Solutions, LLC ("Prommis"), collectively referred to as "defendants,"[1] alleging defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., as well as 11 U.S.C. § 524(a)(2), and asserting state law claims for defamation and emotional distress.  [Doc. 1].[2]  Defendants seek summary judgment, [Doc. 39], which plaintiff opposes, [Doc. 44].  For the reasons set forth herein, it is **RECOMMENDED** that defendants' motion for summary judgment,

---

[1] Plaintiff originally named Bank of America, N.A. ("BoA") as a defendant in this case, but she voluntarily dismissed BoA with prejudice on February 2, 2012, see [Doc. 35]; see also [Doc. 36].

[2] The listed document and page numbers in citations to the record in this Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[Doc. 39], be **GRANTED** as to plaintiff's FDCPA claims, and that all other claims be **DISMISSED WITHOUT PREJUDICE**.

## I.  FACTS AND PROCEDURAL HISTORY

### A.    Preliminary Procedural Issues

Plaintiff, who was initially represented by counsel, filed this action on June 8, 2011.  [Doc. 1].  On November 22, 2011, plaintiff's counsel moved to withdraw, [Doc. 25], and the motion was granted on December 9, 2011, [Doc. 28].   On December 30, 2011, defendants served written discovery requests on plaintiff, including requests for admissions.  [Doc. 31; Doc. 39-2 at 2-8].  In their motion for summary judgment, defendants contend that plaintiff failed to respond to these requests for admissions and that each request is therefore deemed admitted.  [Doc. 39-1 at 2-4]; see also Fed. R. Civ. P. 36(a)(3).  In her response, plaintiff contends that she did respond to defendants' requests for admissions, denying all of the requests and that "[t]his Court can not and should not grant Defendants' Motion for Summary Judgment based on these admissions."  See [Doc. 44 at 6].

Pursuant to Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Plaintiff specifically asserts that she "served the Defendants with an answer to the written discovery request made by the

2

defendants on March 6, 2012," but that the "Court did not file the documents." [Doc. 44 at 2].[3]  However, even if plaintiff served defendants with her response to their requests for admissions on March 6, 2012, as she contends she did, any such response is untimely under Rule 36.  Since plaintiff did not timely respond to defendants' requests to admit or file a motion to withdraw the admissions, each of defendants' requests are deemed admitted.  See Fed. R. Civ. P. 36(a)(3), (b); Manfred v. Everett, Civil Action No. 1:04-CV-3223-TWT, 2006 WL 1627062, at *2 n.1 (N.D. Ga. June 9, 2006) (citations omitted) ("The Eleventh Circuit has recognized that Rule 36 should be applied against parties proceeding *pro se* when the party received actual notice of the requests for admissions and failed to respond to them.").

------

[3] The docket does reflect that the Clerk's office returned certain "discovery materials" plaintiff mailed to this Court on March 9, 2012.  See [Doc. 42].  Although not argued by plaintiff, the docket also reflects that plaintiff filed a certificate of service with the Court on March 9, 2012, in which she stated that she mailed "documents" to defendants at defense counsel's address on January 25, 2012, and also sent a copy to the Court on the same day, [Doc. 41], but her certificate of service does not identify the documents she mailed to defendants, stating only that the documents were in response to defendants' discovery requests, see [id. at 2].  On January 27, 2012, plaintiff submitted to the Clerk's office numerous documents that appeared to be her attempt to respond to defendants' discovery requests, and on February 3, 2012, the Court directed the Clerk to return the materials to plaintiff and instructed her to serve them upon opposing counsel, consistent with Local Rule 5.4A. [Doc. 37]; LR 5.4A, NDGa.  Since plaintiff specifically asserts that she responded to defendants' requests on March 6, 2012, [Doc. 44 at 2], and she has not argued or shown that she served defendants with her response to their requests for admissions any earlier, the Court can only conclude that plaintiff served defendants with her response to the requests for admissions on March 6, 2012, after defendants filed their motion for summary judgment on February 22, 2012. [Doc. 39].

Because the requests are deemed admitted,[4] defendants contend that the Court may grant their motion for summary judgment based on these admissions. [Doc. 39-1 at 3-4].  However, in addressing the merits of plaintiff's claims and defendants' summary judgment motion, the Court has not simply relied on the admissions, but "has reviewed the evidentiary materials submitted . . . to determine . . . whether there are genuine issues of material fact to be tried." Hall v. Graham Packing Co., L.P., Civil Action File No. 1:08-CV-2424-TWT, 2010 WL 481214, at *3 (N.D. Ga. Feb. 3, 2010), adopted at *1.

In compliance with Local Rule 56.1B(1), defendants filed a statement of undisputed material facts in support of their motion for summary judgment.  [Doc. 39-4].  Plaintiff was required to submit a response under Local Rule 56.1B(2)a, but

---

[4] Plaintiff is deemed to have admitted, among other things, that she has not received any communication from defendants since June 7, 2010; that she is not aware of defendants having caused her name to be published in any publication or the advertisement of the sale of any debt referenced in the complaint since June 7, 2010; that she is not aware of defendants making any representations about the debts referenced in her complaint since June 7, 2010; that defendants have not threatened to take any action on the debts at issue since June 7, 2010; that defendants have not collected any amount of money from plaintiff since June 7, 2010; that she cannot show that defendants ever reported any information about plaintiff to any credit reporting agency, that she entered into a security deed with BoA on April 12, 2001, wherein she borrowed $89,379.64 from BoA with the subject property serving as collateral; that she entered into a security deed with BoA on March 5, 2005, wherein she borrowed $72,322.00 from BoA and the subject property served as collateral; that she never paid any money to defendants; and that she has not suffered any emotional distress as a result of any actions taken by defendants. [Doc. 39-2 at 6-8].

she failed to do so.[5]  Specifically, Local Rule 56.1B(2) requires the non-moving party to include with the responsive brief "[a] response to the movant's statement of undisputed facts[] . . . [that] contain[s] individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts."  LR 56.1B(2)a(1), NDGa.; see also Linao v. GCR Tire Ctrs., Civil Action No. 2:09-CV-134-RWS, 2010 WL 4683508, at *2 (N.D. Ga. Nov. 12, 2010).  If the non-moving party fails to respond to a material fact contained in the moving party's statement by directly refuting the fact with a concise response supported by specific citations to evidence, stating a valid objection to the admissibility of the fact, pointing out that the movant's citation does not support the

---

[5] Instead, plaintiff filed her own "Statement of Disputed Request."  See [Doc. 45].  However, while "a statement of additional facts is permitted . . . it is not a substitute for a response" as "the rules first clearly require a 'response to the movant's statement of undisputed facts.'"  BMU, Inc. v. Cumulus Media, Inc., 366 F. App'x 47, 49 (11th Cir. 2010) (per curiam) (unpublished) (quoting LR 56.1B(2)a, NDGa.).  Furthermore, because plaintiff's "Statement of Disputed Request" fails to comply with the Local Rules in that she failed to support each statement with a citation to evidence and each of the statements are stated as issues or legal conclusions, see [Doc. 45], this Court will not consider these statements in ruling on defendants' motion for summary judgment, see LR 56.1B(1), (2)b, NDGa.; Peppers v. Traditions Golf Club, Civil Action No. 2:09-CV-105-RWS-SSC, 2011 WL 679423, at *2 (N.D. Ga. Jan. 27, 2011), adopted by 2011 WL 692913, at *1 (N.D. Ga. Feb. 16, 2011) (refusing to consider plaintiff's statement of disputed material facts that failed to comply with the Local Rules, stating that "[t]he court will not sift through the record to find support for Plaintiff's statements; nor will the court consider any statement by the parties that is not supported by citation to the record").

movant's fact, or showing that the movant's fact is not material, the fact will be deemed admitted.  <u>See</u> LR 56.1B(2)a(2), NDGa.; <u>BMU, Inc.</u>, 366 F. App'x at 49.

Even though plaintiff is proceeding *pro se*, since she has failed to submit a proper response to a statement of undisputed material facts, those facts must be deemed admitted.  <u>See</u> <u>Dinkins v. Leavitt</u>, Civil Action File No. 1:07-CV-486-TWT, 2008 WL 447503, at *3 & n.4 (N.D. Ga. Feb. 13, 2008), adopted at *1 (declining to consider *pro se* plaintiff's response and additional statement of facts where plaintiff completely failed to follow the Local Rules); <u>Hooks v. Bank of Am.</u>, Civil Action File No. 1:04-CV-2215-CC, 2005 WL 6074915, at *3-4 (N.D. Ga. Oct. 6, 2005), adopted at *2 (citations omitted) (deeming admitted the movant's factual statements when the *pro se* plaintiff failed to respond to the motion for summary judgment and noting that "although the Court will liberally construe *pro se* pleadings, *pro se* litigants are still required to conform to the procedural rules"); <u>Brandon v. Lockheed Martin Aeronautical Sys.</u>, 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005), adopted at 1345 (holding *pro se* litigant to the procedural requirements of Local Rule 56.1); <u>see also</u> <u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1302-03 (11th Cir. 2009) (affirming the district court's decision to deem movant's statement of facts admitted where non-movant failed to include individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts).  In fact, while

"[t]his court recognizes [plaintiff's] *pro se* status[,] . . . the plaintiff['s] *pro se* status does not excuse [her] from compliance with applicable procedural rules, including the Rule 56 requirement for non-moving parties."[6] Miller v. Eagle Tug Boat Cos., Civil Action No. 09-00401-CG-B, 2010 WL 4269156, at *6 (S.D. Ala. Oct. 25, 2010) (citations omitted); see also McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 877 (11th Cir. 2011) (per curiam) (unpublished) (citations and internal marks omitted) ("Although we construe pleadings filed by *pro se* parties liberally, this does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."); Galloway v. GA Tech. Auth., 182 F. App'x 877, 883 (11th Cir. 2006) (per curiam) (unpublished) (first alteration in original) (internal marks and citation omitted) ("Although *[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, *pro se* litigants still must comply with the procedural

---

[6] Indeed, the Court advised the parties of the process with regard to filing summary judgment motions and responding thereto in its Scheduling Order of September 23, 2011, see [Doc. 19 at 2 ¶ 2], and though plaintiff was represented by counsel at that time, because she is currently *pro se*, she is "responsible for keeping up with the filings in her case and any responsive deadlines," Modica v. Alford, Civil Action No. 1:10–CV–515, 2011 WL 1883822, at *5 (E.D. Tex. Mar. 25, 2011), adopted by 2011 WL 1878233, at *1 (E.D. Tex. May 17, 2011). Moreover, the Clerk of Court issued plaintiff a "Notice to Respond to Summary Judgment Motion" on February 23, 2012, which specifically advised plaintiff that the non-moving party "must go beyond the pleadings and must designate, by affidavit or other materials, . . . specific facts showing that there is a genuine issue for trial." [Doc. 40] (alteration in original) (citations and internal marks omitted).

rules governing the proper form of pleadings."). Accordingly, the factual statements contained in defendants' statement of undisputed material facts, [Doc. 39-4], are deemed admitted. Nevertheless, the facts will be construed in the light most favorable to plaintiff as required on a motion for summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003) (per curiam).

**B.      Statement of Facts**

On June 8, 2011, plaintiff filed the instant complaint asserting violations of the FDCPA and 11 U.S.C. § 524(a)(2), as well as state law claims for defamation and emotional distress. [Doc. 1]. Specifically, plaintiff alleges that on April 12, 2001, she borrowed $89,379.00 from BoA, securing the loan with her residence located at 3295 Colony Drive, SE, Conyers, Georgia (the "property"), and that on March 5, 2005, she borrowed an additional $72,322.59 from BoA, which also was secured by the property. [Id. ¶¶ 6-7]. Subsequently, on December 12, 2005, plaintiff filed for Chapter 7 bankruptcy protection, listing BoA as one of the creditors and including both loans at issue in her filing with the bankruptcy court, and she received a discharge on April 3, 2006. [Id. ¶¶ 8-9].

Plaintiff alleges that on August 15, 2007, a BoA representative contacted her and advised her that, despite her bankruptcy discharge, she had to continue making

the monthly payments on the two loans.  [Id. ¶ 10].  Thereafter, plaintiff continued making payments until BoA sent her a letter sometime in August of 2007, advising her that she did not need to make any payments on the loans at issue because the debt had been discharged in bankruptcy.  [Id. ¶ 11].  As a result, plaintiff ceased making payments to BoA, and BoA initiated foreclosure proceedings against the property on February 18, 2008.  [Id. ¶ 12].  Plaintiff alleges that she vacated the premises on March 18, 2008, [id. ¶ 15], but that BoA, through its agent Johnson & Freedman, and in turn, through Johnson & Freedman's agent Prommis, "continued sending letters to Plaintiff regarding collecting the debt which had been discharged in the Bankruptcy Court in 2006," [id. ¶ 16].  Plaintiff then alleges that she notified defendants on October 15, 2008, that she did not owe a debt and asked them "not to contact her anymore regarding the debts owed to the Bank, which had been discharged," but that they continued to contact her regarding the discharged debts. [Id. ¶¶ 18-19].

Sometime thereafter, plaintiff retained the services of Winfrey & Winfrey, P.C. to send Johnson & Freedman a letter and a copy of plaintiff's bankruptcy documents to show that she was no longer indebted to BoA and to instruct it "to cease and desist from all debt collection activities against Plaintiff regarding the discharged debts." [Id. ¶¶ 20-21]. Plaintiff alleges, however, that Johnson & Freedman, through

its agent Prommis, "continued its collection activities against [her] through June 2010," despite the foreclosure sale on the property having taken place on January 6, 2009.  [Id. ¶¶ 22-23].[7]

Based on these facts, plaintiff asserts that defendants violated §§ 1692c(a)(2), c(c), d(3), d(4), e(2)(A), e(3), e(5), e(10), f(1), f(6)(A), and g(b) of the FDCPA.  [Id. ¶¶ 29-36].  Plaintiff also alleges that defendants "are liable to [her] for defamation as [they] have reported or caused to be reported negative and untrue information to credit reporting agencies . . . as well as caused defamatory statements to be published in the local newspaper regarding Plaintiff and a property no longer owned by Plaintiff."  [Id. ¶ 37].  She asserts that defendants' actions "were conducted in a wantonly and reckless manner, thereby causing [her] to suffer mental anguish," [id. ¶ 38], and that defendants' actions "constitute Contempt as same was a violation of the Discharge Order of the Bankruptcy Court as Defendants have attempted to collect debts which were discharged against Plaintiff, all in violation

---

[7] Plaintiff attached to her complaint several notices Prommis sent to her on behalf of Johnson & Freedman, to wit: a February 18, 2008, notice pursuant to the FDCPA; a February 29, 2008, notice of foreclosure sale; a June 27, 2008, notice pursuant to the FDCPA; a July 1, 2008, notice of foreclosure sale; an October 9, 2008, notice pursuant to the FDCPA; an October 30, 2008, notice of foreclosure sale; a December 4, 2008, notice of foreclosure sale; an April 6, 2010, notice pursuant to the FDCPA; and a June 4, 2010, notice of foreclosure sale.  See [Docs. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, & 1-9].

of 11 U.S.C. § 524(a)(2)," [id. ¶ 39].  Plaintiff seeks general and punitive damages as well as reasonable attorney's fees and litigation costs and expenses.  [Id. ¶¶ 41-42].  Defendants move for summary judgment on all of plaintiff's claims, [Doc. 39], which plaintiff opposes, [Doc. 44].

## II.  SUMMARY JUDGMENT STANDARD

In deciding a motion for summary judgment, the Court views all evidence in the light most favorable to and draws all reasonable inferences in the favor of the non-moving party.  Adickes, 398 U.S. at 157; Cargo v. Ala., Bd. of Pardons & Parole Div., 391 F. App'x 753, 754 (11th Cir. 2010) (per curiam) (unpublished); Knight, 330 F.3d at 1316.  "Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law."  McCurdy v. DeKalb Cnty., Civil Action File No. 1:09-CV-1989-TWT, 2010 WL 5101405, at *1 (N.D. Ga. Dec. 8, 2010) (citing Fed.R.Civ.P. 56(c)); see also Young v. FedEx Express, 432 F. App'x 915, 916 (11th Cir. 2011) (per curiam) (unpublished); Penley v. Eslinger, 605 F.3d 843, 848 (11th Cir. 2010).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact, upon which the non-moving party must then submit specific facts showing a genuine issue for trial.

11

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Bagwell v. Peachtree Doors &

Windows, Inc., Civil Action File No. 2:08–CV–0191–RWS-SSC, 2011 WL 1497831, at

*10 (N.D. Ga. Feb. 8, 2011), adopted by 2011 WL 1497658, at *1 (N.D. Ga. Apr. 19,

2011); Premier Assocs., Inc. v. EXL Polymers, Inc., No. 1:08-cv-3490-WSD, 2010 WL

2838497, at *8 (N.D. Ga. July 19, 2010).  "The non-moving party need not present

evidence in a form necessary for admission at trial; however, [s]he may not merely

rest on [her] pleadings." Premier Assocs., Inc., 2010 WL 2838497, at *8 (citation and

internal marks omitted).

"[A] party opposing a properly supported motion for summary judgment

may not rest upon mere allegation or denials of [her] pleading, but must set forth

specific facts showing that there is a genuine issue for trial." Jackson v. B&L

Disposal, Inc., 425 F. App'x 819, 820 (11th Cir. 2011) (per curiam) (unpublished)

(alteration in original) (citation and internal marks omitted); see also Shuler v.

Ingram & Assocs., 441 F. App'x 712, 715 (11th Cir. 2011) (per curiam) (unpublished);

Bryant v. U.S. Steel Corp., 428 F. App'x 895, 897 (11th Cir. 2011) (per curiam)

(unpublished).  "Speculation or conjecture cannot create a genuine issue of material

fact." Shuler, 441 F. App'x at 715 (citation omitted); see also Howard v. Or.

Television, Inc., 276 F. App'x 940, 941 (11th Cir. 2008) (per curiam) (unpublished)

(emphasis, citation, and internal marks omitted) ("Speculation does not create a

genuine issue of fact."); <u>Goodman v. Ga. Sw.</u>, 147 F. App'x 888, 891 (11th Cir. 2005) (per curiam) (unpublished) (citation and internal marks omitted) ("[A]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable.").  "Moreover, the non-moving party cannot create a genuine issue through evidence that is 'merely colorable' or 'not significantly probative.'" <u>Morales v. Ga. Dep't of Human Res.</u>, 446 F. App'x 179, 181 (11th Cir. 2011) (per curiam) (unpublished) (citation omitted).  Furthermore, "[a] dispute over a fact will only preclude summary judgment if the dispute might affect the outcome of the suit under the governing law."  <u>Penley</u>, 605 F.3d at 848 (citation and internal marks omitted); <u>see also</u> <u>Ivey v. First Quality Retail Servs.</u>, Civil Action No. 5:09–CV–333 (MTT), 2011 WL 1671927, at *3 (M.D. Ga. May 3, 2011) (citations omitted).  "But, [w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment for the moving party is proper." <u>Premier Assocs., Inc.</u>, 2010 WL 2838497, at *9 (alteration in original) (citation and internal marks omitted).

Finally, while "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,] . . . a pro se litigant does not escape the essential burden under summary judgment standards

13

of establishing that there is a genuine issue as to a fact material to [her] case in order to avert summary judgment." Nalls v. Coleman Low Fed. Inst., 307 F. App'x 296, 298 (11th Cir. 2009) (per curiam) (unpublished) (citations and internal marks omitted); see also Cornelius v. Home Comings Fin. Network, Inc., 293 F. App'x 723, 727 (11th Cir. 2008) (per curiam) (unpublished).  Thus, "[a]lthough we show leniency to *pro se* litigants, [the Court] will not serve as de facto counsel, or rewrite an otherwise deficient pleading in order to sustain an action." Nalls, 307 F. App'x at 298 (citation and internal marks omitted).

## III.  DISCUSSION

### A.    FDCPA Claims

Plaintiff asserts that defendants violated 15 U.S.C. § 1692c(a)(2) by communicating with her directly in connection with the collection of a debt when they knew she was represented by an attorney; violated 15 U.S.C. § 1692c(c) by failing to cease any further contact with plaintiff after they were notified that she was not going to pay the debts and that she wished the debt collector to cease any further communication; violated 15 U.S.C. §§ 1692d(3) and d(4) by continuing to advertise plaintiff's home for foreclosure sale after plaintiff had already vacated the property to coerce plaintiff into paying the debts; violated 15 U.S.C. §§ 1692e(2)(A), e(3), e(5), and e(10) by sending her a series of collection letters that falsely

represented the legal status of the debts allegedly owed by plaintiff and that implied

that defendant Prommis was an attorney; violated 15 U.S.C. § 1692f(1) by using

unfair or unconscionable means to collect or attempt to collect a debt they were not

legally entitled to collect; violated 15 U.S.C. § 1692f(6)(A) by pursuing a non-judicial

foreclosure despite lacking a right to possession of her property; and that defendants

violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debts or to obtain

verification of the debts.   [Doc. 1 ¶¶ 29-36].   Defendants move for summary

judgment, arguing that all of plaintiff's claims under the FDCPA, except for her §

1692f(6) claim, are due to be dismissed pursuant to Warren v. Countrywide Home

Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009) (per curiam) (unpublished),

since "enforcement of a security interest through a foreclosure proceeding does not

qualify as debt collection for the purposes of the FDCPA."   [Doc. 39-1 at 4-5].

Defendants also assert that all of plaintiff's FDCPA claims are barred by the one-year

statute of limitations.   [Id. at 5-16].   The Court will first address the statute of

limitations argument as it finds this argument to be dispositive of plaintiff's FDCPA

claims.[8]

---

[8] Accordingly, the Court need not address whether the notices defendants sent
to plaintiff fall within the ambit of the FDCPA in light of the Eleventh Circuit's
recent rulings in Reese v. Ellis, Painter, Ratterree & Adams, LLP, No. 10–14366, 2012
WL 1500108, at * 4-5 (11th Cir. May 1, 2012); Shoup v. McCurdy & Candler, LLC, No.
10–14619, 2012 WL 1071196, at *2 (11th Cir. Mar. 30, 2012) (per curiam)
(unpublished); and Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1240-41 (11th Cir.

"An action under the FDCPA must be brought 'within one year from the date on which the violation occurs.'"  <u>Boone v. JP Morgan Chase Bank</u>, 447 F. App'x 961, 965 (11th Cir. 2011) (per curiam) (unpublished) (<u>quoting</u> 15 U.S.C. § 1692k(d)); <u>see also</u> <u>Kuria v. Palisades Acquisition XVI, LLC</u>, 752 F. Supp. 2d 1293, 1303 (N.D. Ga. 2010), adopted at 1295.  "The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered."  <u>Zenon v. Palisades Coll., LLC</u>, No. 8:07-cv-2198-T-30MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008) (citation omitted); <u>see also</u> <u>Maloy v. Phillips</u>, 64 F.3d 607, 608 (11th Cir. 1995) (per curiam) (finding an FDCPA claim accrues the day after a collection letter is mailed, not the day it was received).[9]

---

2012) (per curiam).

[9] "The statute of limitations is an affirmative defense," and as such, "the party asserting a statute of limitations defense bears the burden of showing that the defense is applicable."  <u>Ashcroft v. Randel</u>, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (citations omitted).  "At the summary judgment stage, the moving party must show that there is no genuine issue of material fact as to whether the statute of limitations has run."  <u>Id.</u>  That is, "the moving party must establish that 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"  <u>Id.</u> (<u>quoting</u> <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997)).  "Once the moving party shows that the applicable statute of limitations bars the claim, the burden shifts to the non-moving party to demonstrate that an exception or tolling provision applies."  <u>Id.</u> (citations omitted); <u>see also</u> <u>Zimmerman v. CIT Grp., Inc.</u>, Civil Action No. 08-cv-00246-ZLW-KLM, 2008 WL 5786438, at *11-12 (D. Colo. Oct. 6, 2008), adopted as modified by 2009 WL 900172, at *3 (D. Colo. Mar. 31, 2009).

Defendants assert that since plaintiff filed her complaint on June 8, 2011, but the evidence before the Court shows that they did not contact her at any time after June 7, 2010, her claims are time-barred.  [Doc. 39-1 at 5-14]; see also [id. at 6 n.12]; [Doc. 1-9].[10]  In her response, plaintiff does not dispute that there is a one-year statute of limitations under the FDCPA, but she asserts that "the statute of limitations has not run out because the Defendants' last contact with the Plaintiff was on June 25, 2010[,] by mail in regards to the alleged debt."  [Doc. 44 at 2-5]. Plaintiff has filed with the Court a list of discovery materials she contends are in her possession, and she asserts that she is "prepared to present [these materials] to the Court[]," [Doc. 43], including a "Foreclosure notice dated June 25th 2010 sent to the plaintiff from the defendants[]," [id. at 2].  However, plaintiff's complaint makes no mention of the June 25, 2010, foreclosure notice, and since plaintiff has not presented any competent evidence to contradict her admission that she has not received any communication from defendants since June 7, 2010, her unsubstantiated assertion is insufficient to create a genuine issue of disputed fact to defeat summary judgment. See Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (per curiam) (citations

---

[10] Defendants, relying on plaintiff's deemed admissions to the requests to admit, assert that they have not contacted her since June 7, 2010.  See [Doc. 39-1 at 6]; see also [Doc. 39-4].  Additionally, plaintiff attached several notices to her complaint, see [Docs. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, & 1-9], and these notices show that the last contact was in fact a notice of foreclosure sale sent to plaintiff on June 4, 2010, [Doc. 1-9].

omitted) (finding plaintiff's "conclusory assertions . . . in the absence of [admissible] supporting evidence are insufficient to withstand summary judgment"); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1529 (11th Cir. 1987) (citation omitted) ("[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment."); Sellers v. Am. Broad. Co., 668 F.2d 1207, 1209 n. 3 (11th Cir. 1982) (citing Broadway v. City of Montgomery, Ala., 530 F.2d 657, 660 (5th Cir. 1979)[11]) ("Conclusory statements, unsubstantiated by facts in the record, will normally be insufficient to defeat a motion for summary judgment."). Thus, to the extent any FDCPA violation occurred, it occurred no later than June 7, 2010, see [Doc. 39-4; Doc. 1-9], and plaintiff's FDCPA claims filed on June 8, 2011, see [Doc. 1], are therefore time-barred, see Waller v. Fricks, Civil Action No. 5:07-cv-201 (CAR), 2008 WL 2233570, at *1 (M.D. Ga. May 28, 2008); see also Champion v. SLM Corp., Civil Action No. 6:09–CV–480–LED–JDL, 2011 WL 3510747, at *4 (E.D. Tex. June 30, 2011), adopted by 2011 WL 3510948, at *1 (E.D. Tex. Aug. 9, 2011).[12]

---

[11] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[12] While plaintiff's FDCPA claims could be subject to equitable tolling, "[e]quitable tolling is [only] appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." Cooper v. F.A. Mgmt. Solutions, Inc., No. 8:06-CV-751-T-27MAP, 2007 WL 4326800, at *4 n.6 (M.D. Fla. Dec. 7, 2007) (citations and internal marks omitted); see also Boyd v. J.E. Robert Co., No. 05–CV–2455

Accordingly, it is hereby **RECOMMENDED** that defendants' summary judgment motion be **GRANTED** as to all of plaintiff's FDCPA claims asserted against them.

**B.    Contempt and Violation of 11 U.S.C. § 524(a)(2)**

Plaintiff asserts that defendants' actions "constitute Contempt as same was a violation of the Discharge Order of the Bankruptcy Court as Defendants have attempted to collect debts which were discharged against [her], all in violation of 11 U.S.C. § 524(a)(2)." [Doc. 1 ¶ 39]. Defendants move for summary judgment on this claim, arguing that it is undisputed that they were retained by BoA to conduct a foreclosure sale, that they did in fact foreclose on one loan secured by the property at issue, and that the creditor's right to foreclose on the mortgage survives a Chapter 7 bankruptcy discharge. [Doc. 39-1 at 16-17].[13] In her response, plaintiff simply states that she "disputes this fact and [] that the Defendants have violated [her] rights . . . as a discharged debtor." [Doc. 44 at 6]. However, before reaching the

_____

(KAM)(RER), 2010 WL 5772892, at *7 (E.D.N.Y. Mar. 31, 2010), adopted by 2011 WL 477547, at *12 (E.D.N.Y. Feb. 2, 2011). Although plaintiff opposes the motion for summary judgment, [Doc. 44], she has failed to show that equitable tolling is warranted, and her FDCPA claims are therefore time-barred, see Deaville v. Capital One Bank, 425 F. Supp. 2d 744, 752 (W.D. La. 2006).

[13] Defendants' argument that they merely carried out a foreclosure does not address whether the notices they sent to plaintiff may nevertheless have violated the discharge injunction. See Reese, 2012 WL 1500108, at *4 ("The fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e.").

merits of the motion, a preliminary issue to be addressed is whether a private right of action even exists under 11 U.S.C. § 524(a)(2).  See Cooper v. Cooper, No. 2:10-cv-168-MEF, 2011 WL 978906, at *2 (M.D. Ala. Mar. 18, 2011) (affirming bankruptcy court's decision to raise, *sua sponte*, and dismiss a claim based on a violation of § 524(a)); Pierce v. First Commerce Leasing Corp., Civil Action No. 2:03cv217-WHA, 2007 WL 2693003, at *1 (M.D. Ala. Sept. 10, 2007) (citation and internal marks omitted) (the determination of whether a bankruptcy statute "provides an independent cause of action presents a purely legal question" that was raised *sua sponte* by the Court).

Plaintiff alleges a violation of 11 U.S.C. § 524(a), which provides, in relevant part, that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).  Although it does not appear that the Eleventh Circuit has addressed whether § 524 creates a private right of action, the prevailing view among other courts is that "neither Section 524 nor Section 105, the statutory contempt power, confer[s] a private right of action for violation of the discharge injunction."  Pereira v. First N. Am. Nat'l Bank, 223 B.R. 28, 30 (N.D. Ga. 1998) (citation omitted); see also Guetling v.

<u>Household Fin. Servs., Inc.</u>, 312 B.R. 699, 704-05 (M.D. Fla. 2004) (citations omitted)

("There is simply no indication that Congress intended private civil actions in

district courts to result for alleged violations of the automatic stay in bankruptcy, or

actions prior to or after the discharge order is entered, premised solely on the Code

provisions themselves").  In fact, "case law uniformly holds that Section 524 does

not expressly allow for damages, costs, or create a private cause of action in a district

court other than the court having jurisdiction of the underlying bankruptcy action."

<u>Pereira</u>, 223 B.R. at 30 (citations omitted).  Plaintiff has not identified where she filed

for bankruptcy, and the Court has no basis to find that it has jurisdiction over the

underlying bankruptcy action.[14]  Moreover, the Court agrees with the analysis in

<u>Pereira</u> that "the court whose order has been defied must entertain the contempt

action," <u>id.</u> at 31 (citations omitted), and the "bankruptcy court that issued the

---

[14] In <u>Jove Eng'g, Inc. v. IRS</u>, 92 F.3d 1539, 1554 (11th Cir. 1996), the Eleventh Circuit recognized that district courts could use the statutory contempt power of 11 U.S.C. § 105(a) "to award monetary and other forms of relief for automatic stay violations to the extent such awards are 'necessary or appropriate' to carry out the provisions of the Bankruptcy Code."  However, even if the Court had jurisdiction of the underlying bankruptcy action, the preferable course of action remains to refer the contempt claim to the bankruptcy court that entered the discharge order. <u>See</u> <u>Maddox v. Auburn Univ. Fed. Credit Union</u>, 441 B.R. 149, 152-53 (M.D. Ala. 2010) (recognizing the district court's authority to consider and dispose of an action for contempt of a statutory injunction arising out of a case in the bankruptcy court, but finding that the preferable action is to refer a claim of contempt relating to enforcement of the § 524(a)(2) statutory injunction to the bankruptcy court which entered the discharge order).

discharge injunction is the proper forum for this dispute," id. (citations omitted); see also Hooks v. Acceptance Loan Co., No. 2:10–CV–999–WKW, 2011 WL 2746238, at *4 (M.D. Ala. July 14, 2011).   It is therefore **RECOMMENDED** that plaintiff's contempt claim pursuant to 11 U.S.C. § 524(a)(2) be **DISMISSED WITHOUT PREJUDICE**.

## C.   State Law Claims

Defendants move for summary judgment on plaintiff's state law claim for defamation, arguing that any such claim is barred by the one-year statute of limitations. [Doc. 39-1 at 15-16]. Defendants also contend that no issues of fact exist with regard to plaintiff's claim for emotional distress and that summary judgment is therefore warranted as to this claim as well.  [Id. at 16].  Plaintiff's state law claims for defamation and emotional distress, however, do not on their face "aris[e] under the Constitution, laws, or treaties of the United States," and therefore are not a sufficient basis for federal question jurisdiction, Bank of N. Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1 (quoting 28 U.S.C. § 1331); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), and plaintiff has not alleged diversity jurisdiction under 28 U.S.C. § 1332, see 28 U.S.C. § 1332(a).  Because plaintiff has failed to allege any viable federal claim against the defendants, if the Court adopts the recommendation to dismiss all of the

federal claims, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over the remaining state law claims and that those claims be **DISMISSED WITHOUT PREJUDICE**. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999).

### IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that defendants' motion for summary judgment, [Doc. 39], be **GRANTED** as to plaintiff's FDCPA claims, and that all other claims be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate this referral.

**IT IS SO RECOMMENDED** and **DIRECTED** this 10th day of May, 2012.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE