IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALMA JEAN BAXTER, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| vs. : | |
| : | 1:11-CV-1880-CC |
| BANK OF AMERICA, N.A., : | |
| JOHNSON & FREEDMAN, LLC, : | |
| and PROMMIS SOLUTIONS, LLC, : | |
| : | |
| Defendants. : | |

**ORDER**

This matter is presently before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (hereinafter the "Report") [Doc. No. 47] on the Motion for Summary Judgment filed by Defendant Johnson & Freedman, LLC ("Defendant Johnson & Freedman") and Defendant Prommis Solutions, LLC ("Defendant Prommis Solutions") (collectively referred to as "Defendants"). In the Report, Magistrate Judge Vineyard recommends that the Court grant Defendants' Motion for Summary Judgment as to Plaintiff Alma Jean Baxter's claims under the Fair Debt Collection Practices Act ("FDCPA") and dismiss without prejudice all other claims. The docket reflects that Plaintiff Alma Jean Baxter ("Plaintiff") filed timely objections to the Report on May 21, 2012 [Doc. No. 49].

A party challenging a Report must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district court conducts a de novo review where a party serves and files a specific objection to the Report. 28 U.S.C. § 636(b)(1). If no specific objection is raised, a district court reviews the Report and record for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff seems to object to the Magistrate's finding that the facts contained in Defendants' First Requests for Admission constitute admissions as to Plaintiff. Federal Rule of Civil Procedure 36 provides that a request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Here, the record reflects that, on December 30, 2011, Defendants served, inter alia, Defendants' First Requests for Admission on Plaintiff [Doc. No. 31], but Plaintiff did not respond to this discovery request in a timely manner or file a motion to withdraw the admissions. Therefore, the Court properly deemed admitted the statements contained in Defendants' First Requests for Admission. Accordingly, the Court **OVERRULES** this objection.

Further, Plaintiff's remaining objections lack the specificity required by Macort. Plaintiff does not object to a specific portion of the Report. She merely provides the Court with background factual information and states two legal conclusions without any support. Because Plaintiff's remaining objections to the Report do not satisfy the specificity requirement, the Court **OVERRULES** Plaintiff's remaining objections.

The Court, having conducted a de novo review of those portions of the Report to which Plaintiff specifically objects and a plain error review of the remainder of the Report, finds that Magistrate Judge Vineyard did not err. Based on the foregoing, the Court hereby **ADOPTS** the Report as the decision of the Court. For the reasons stated in the Report, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment [Doc. No. 39] as to Plaintiff's claims under the FDCPA and **DISMISSES without prejudice** Plaintiff's remaining claims.

**[SIGNATURE ON THE FOLLOWING PAGE]**

SO ORDERED this 17th day of July, 2012.


*s/   CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE